**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.  No. 4:11CR00156-12 JLH

PAUL RANDALL HUSSEY

**OPINION AND ORDER**

Pursuant to a written plea agreement, Paul Randall Hussey entered a plea of guilty to possession with intent to distribute more than 50 grams of a mixture and substance containing a detectible amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). As a part of the plea agreement, the parties stipulated that the quantity of methamphetamine was more than 200 grams but less than 300 grams, rendering a base offense level of 28 under U.S.S.G. § 2D1.1. The parties also stipulated, however, that nothing in the plea agreement would prevent the base offense level and the criminal history category from being calculated under section 4B1.1 of the guidelines, which is the career offender provision. The presentence report determined that Hussey was a career offender, which made his base offense level 31. He had 21 criminal history points, so his criminal history category was VI with or without the career offender enhancement.

Through his attorney, B. Dale West, Hussey objected to the determination in the presentence report that he was a career offender. At sentencing, however, West stated on the record that he had been shown certified copies of convictions for burglary and for a serious drug offense, and so he needed to withdraw his objection. Despite the fact that West withdrew the objection, at the sentencing hearing the Court received into evidence certified copies of the convictions that formed the basis for the determination that Hussey was a career offender.

After the government moved for the third level of reduction for acceptance of responsibility, Hussey's offense level under the guidelines was 31, and, as noted, his criminal history category was VI, which resulted in a guideline range of 188 to 235 months in prison. Over the government's objection, the Court varied below the guideline range and sentenced Hussey to 162 months in prison. Hussey did not appeal.

Nearly eleven months after entry of the judgment and commitment order, Hussey filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. As grounds for his motion, Hussey alleges that West was ineffective because he failed to file a notice of appeal even though Hussey requested that he do so, and that West was ineffective for failing to challenge and presenting an argument against the use of the career offender enhancement.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). A lawyer's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). A showing of actual prejudice is not necessary. *Id*. Nevertheless, the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient evidence if the factfinder finds more credible evidence that indicates to the contrary. *Id*.

Here, Hussey has presented nothing beyond his bare assertion in the section 2255 proceeding that he made his desire to appeal known to West. The United States has presented an affidavit from West stating that Hussey never asked him to file a notice of appeal, and if Hussey had asked, he would have done so. West also says that the only issue that Hussey instructed him to pursue was a recommendation that he be sent to El Reno, Oklahoma, and according to Hussey's instruction, he filed a motion requesting that recommendation.

West's affidavit has the ring of truth. He in fact filed a motion requesting that the Court recommend that Hussey be designated to the Bureau of Prison facility in El Reno, Oklahoma. Document #597. On the other hand, Hussey's statement that he requested West to file a notice of appeal lacks credibility. At the sentencing hearing, the Court informed Hussey that he had a right to appeal and that, with very few exceptions, a notice of appeal must be filed within fourteen days of judgment being entered. If Hussey had requested West to file a notice of appeal and West had disregarded that request, in the ordinary course of events, Hussey would have followed up by writing

West or the Court to determine the status of his appeal. He would surely have noticed that he did not receive a copy of the notice of appeal, the scheduling order from the Eighth Circuit, his brief, or the government's brief, and he would have made some inquiry to determine why he had not received those documents or what the status of his appeal was. Instead, he waited nearly eleven months and then filed his section 2255 motion alleging that West was ineffective for failing to file a notice of appeal. Hussey has not shown that he made his desire to appeal evident to his attorney, and his bare assertion that he made the request is not by itself sufficient evidence in light of the more credible evidence to the contrary.

Hussey's only argument that West was ineffective for failing to challenge the career offender enhancement is based on *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). In *Alleyne*, the Supreme Court held that facts that increase a mandatory minimum sentence must be submitted to the jury. *Id.* at 2163. "However, the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." *United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013). *Cf. United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Hussey is unable to show either that West was ineffective for failing to challenge his career offender status based on *Aleyne* nor can he show that he was prejudiced by that failure.

**CONCLUSION**

For the reasons stated, Paul Randall Hussey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Document #697. Because Hussey has not made a substantial showing that he was denied a constitutional right, no certificate of appealability will issue.

IT IS SO ORDERED this 18th day of March, 2014.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE